# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| CLIFFORD KITTERMAN, Individually and for Others Similarly Situated, | CASE NO. _____ |
| v. | FLSA COLLECTIVE ACTION |
| WOOD GROUP PSN, INC. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, Wood Group PSN, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, Wood Group paid Clifford Kitterman, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Kitterman brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Kitterman worked for Wood Group in Ingleside, San Patricio County, Texas.

7. Wood Group also conducts substantial business in this District.

### THE PARTIES

8. Kitterman was an hourly employee of Wood Group.

9. His written consent is attached as Exhibit A.

10. Wood Group employed Kitterman and those similarly situated to him.

11. Kitterman brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by Wood Group. Wood Group paid each of these workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

12. **Wood Group, Inc.** may be served with process by serving its registered agent **United Agent Group Inc., 5444 Westheimer, #1000, Houston, Texas 77056.**

### COVERAGE UNDER THE FLSA

13. At all relevant times, Wood Group was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, Wood Group was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, Wood Group was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

16. At all relevant times, Wood Group has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

17. At all relevant times, Kitterman and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

18. Wood Group is a "global leader in the delivery of project, engineering and technical services to energy and industrial markets."[1]

19. Kitterman was an hourly employee of Wood Group.

20. Kitterman earned $76.00 per hour while working at Wood Group.

21. Kitterman had the title of Mechanical Commissioning Supervisor.

22. Kitterman worked for Wood Group from June 2017 through November 2018.

23. Kitterman was not guaranteed a salary.

24. Kitterman regularly worked more than 10 hour daily shifts and over 50 hours per week.

25. But Wood Group paid Kitterman at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

26. Thus, rather than receiving time and a half as required by the FLSA, Kitterman only received "straight time" pay for the overtime hours he worked.

27. The "straight time for overtime" scheme violated the FLSA.

28. Wood Group has known about the FLSA, and its overtime requirement, for many years.

29. Wood Group nonetheless failed to pay certain hourly employees, such as Kitterman, overtime.

30. Wood Group's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Wood Group's illegal "straight time for overtime" policy extends beyond Kitterman.

---

[1] *See* https://www.woodgroup.com (last visited August 7, 2019).

32. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

33. Defendant paid dozens of hourly employees according to the same unlawful scheme.

34. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

35. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

36. Therefore, the class is properly defined as:

**All employees of Wood Group PSN, Inc. who were paid "straight time for overtime" in the past three years.** (The "Putative Class Members").

### FLSA VIOLATIONS

37. By failing to pay Kitterman and the Putative Class Members overtime at one-and-one-half times their regular rates, Wood Group violated the FLSA's overtime provisions.

38. Wood Group owes Kitterman and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

39. Because Wood Group knew, or showed reckless disregard for whether its pay practices violated the FLSA, Wood Group owes these wages for at least the past three years.

40. Wood Group is liable to Kitterman and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

41. Kitterman and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

42. Kitterman demands a trial by jury.

## PRAYER

43. Kitterman prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

   b. Judgment awarding Kitterman and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

   c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. All such other and further relief to which Kitterman and the Putative Class Members may show themselves to be justly entitled.

        Respectfully submitted,

        By: */s/ Andrew W. Dunlap*
        **Michael A. Josephson**
        Fed. Id. 27157
        State Bar No. 24014780
        **Andrew Dunlap**
        Fed Id. 1093163
        State Bar No. 24078444
        **JOSEPHSON DUNLAP LLP**
        11 Greenway Plaza, Suite 3050
        Houston, Texas 77046
        713-352-1100 – Telephone
        713-352-3300 – Facsimile
        mjosephson@mybackwages.com
        adunlap@mybackwages.com

        **AND**

        **Richard J. (Rex) Burch**
        Fed. Id. 21615
        Texas Bar No. 24001807

**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**